## HENRY FETTERHOFF

*v.*

## GEORGE PAUL.

1. IMPLIED PROMISE—*facts on which it is claimed must be established.* Where a legal liability from one to another is claimed and sought to be enforced, the facts establishing such liability, and out of which it arises, must be established.

2. WAGES—*when liability to pay is not implied.* Where two men, without families, operate a farm in partnership, and the parents of one of them live with and keep house for them, doing such work as they please, having their living out of the products of the farm, raising poultry, selling butter and eggs, and taking boarders, for all which they receive the proceeds, there is no implied obligation on the owners of the farm to pay them wages.

APPEAL from the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. J. M. BAILEY, and Mr. J. I. NEFF, for the appellant.

Mr. U. D. MEACHAM, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Stephenson circuit court, on the common counts, and a verdict and judgment for the plaintiff. After the judgment was rendered the plaintiff died, having made his last will and testament, by which he bequeathed all his property to one of the defendants, his son, and constituted him sole executor of his estate, and who has qualified as such. His co-defendant appeals, claiming a reversal of the judgment for several reasons, only one of which it is necessary to consider, and that is, the legal liability of the appellant to the testator, for the services alleged to have been rendered by him and his wife to appellant and to his co-defendant, the son of the plaintiff.

When a legal liability from one to another is claimed and sought to be enforced, the facts constituting such liability, and out of which it arises, must be established. This record contains all the evidence in the case, and we fail to find anything in it to justify the verdict. There was at no time, as we understand the testimony, the relation between these parties of master and servant, or hirer and hired, for wages—nothing of the kind. The plaintiff was the father of one of the defendants, who, with his mother, was poor and homeless. Appellant was their friend, who, at their instigation, joined their son in the purchase of a farm, which they worked as partners two and a half years, during all which time these homeless old people lived with them, doing what they could in housekeeping, with no understanding, expectation or promise of any other compensation than the home furnished them by their son and friend, the appellant. This home they enjoyed until it became necessary to sell the farm. Whatever agreement was made between these parties, was faithfully performed by appellant on his part. It is idle to pretend, appellant was never to sell the farm, but to hold it forever as a home for plaintiff and his wife. There is nothing in the testimony to give countenance to such an idea. Appellant generously proposed to plaintiff and his wife to make their home with him, meaning so long

as he had a home. This they did. No idea of permanency entered into the contemplation of either party, nor of wages. The old lady, it seems, was quite anxious to make appellant's house her home, as she said she expected, as he was unmarried, to come into his estate as heir.

The record abounds with testimony that the plaintiff and his wife never expected to claim wages for services rendered, being fully compensated in having a home. This home was full compensation, and intended so to be, for all the services the plaintiff and his wife rendered their son and appellant while working the farm.

The case being wholly destitute of any merit, there being no liability established against appellant which he has not fully discharged, it is unnecessary to consider any other question made in the record.

The judgment of the court below is reversed.

*Judgment reversed.*